IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE GUTIERREZ,

       Plaintiff,

v.                                                                             No. 1:24-cv-01165-KWR-JMR

STATE OF NEW MEXICO,
NEW MEXICO CHILD
SUPPORT ENFORCEMENT DIVISION and
NEW MEXICO DEPARTMENT OF MOTOR VEHICLES,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from state child support proceedings resulting in garnishment of *pro se* Plaintiff's paychecks and suspension of Plaintiff's driver license. *See* Complaint at 4-5, Doc. 1, filed November 18, 2024. Plaintiff asserted claims against the State of New Mexico, the New Mexico Child Support Enforcement Division and the New Mexico Department of Motor Vehicles pursuant to 42 U.S.C. § 1983 for deprivation of his civil rights. Plaintiff sought monetary damages including reimbursement of seized funds, a default judgment and declaratory relief. *See* Complaint at 102-103.

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff that: (i) Plaintiff has not alleged facts showing the Court has jurisdiction over his claims against the State of New Mexico, the New Mexico Child Support Enforcement Division and the New Mexico Department of Motor Vehicles stating that generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment; and (ii) it appears that this case may be barred by the *Younger* abstention and/or the *Rooker-Feldman* doctrines. *See* Order to Show Cause, Doc. 5, filed November 19, 2024. Judge Rozzoni also notified Plaintiff:

> The Complaint does not provide sufficient notice to Defendants for preparing their defenses and does not provide sufficient clarity for the Court to adjudicate the merits because the Complaint is 108 pages in length.
>
>> Rule 8(d)(1) requires "simple, concise, and direct" allegations. The complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious* [*v. Two Unknown B.I.C.E. Agents*], 492 F.3d [1158] at 1163 [10th Cir. 2007]. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits. *Id.* . . . The sheer length of the [98-page] complaint makes it difficult to determine precisely what material facts support the various claims made.
>
> *Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023).

Order to Show Cause at 2.  Judge Rozzoni ordered Plaintiff to file an amended complaint not exceeding 45 pages.  *See* Order to Show Cause at 5.  Plaintiff filed a 107-page Amended Complaint.  *See* Doc. 6, filed December 9, 2024.  The undersigned ordered Plaintiff to file a second amended complaint not exceeding 45 pages.

Plaintiff's 42-page Second Amended Complaint asserts claims against the State of New Mexico, the New Mexico Child Support Enforcement Division and the New Mexico Department of Motor Vehicles pursuant to 42 U.S.C. § 1983 for deprivation of his civil rights.  *See* Third[1] Amended Complaint, Doc. 12, filed January 27, 2025 ("Second Amended Complaint").  Plaintiff seeks damages in the amount of $1,504,634.20.  *See* Second Amended Complaint at 40.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists

---

[1] Plaintiff filed an original Complaint, Doc. 1, and an Amended Complaint, Doc. 6.  Plaintiff incorrectly titled his Second Amended Complaint as "Third Amended Complaint."

absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015).

Plaintiff states the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States. *See* Second Amended Complaint at 2, ¶ 2. Plaintiff quotes portions of the New Mexico Civil Rights Act as stating: "The state **shall not** have sovereign immunity for itself or any public body within the state for claims brought pursuant to the New Mexico Civil Rights Act." Second Amended Complaint at 2-3, ¶¶ 5-7 (emphasis in original).

The Second Amended Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico because there are no factual allegations showing

that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the State of New Mexico.

The first exception, consent to suit, does not apply. The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added), and:

> The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9 (emphasis added). The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.

The second exception, abrogation of sovereign immunity by Congress, does not apply to Plaintiff's Section 1983 claims because "the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Plaintiff asserts claims for alleged violations of other federal statutes but has not shown that Congress has abrogated the State's Eleventh Amendment immunity for claims brought pursuant to those other federal statutes. *See* Second Amended Complaint at 21, "42 U.S.C. 652 (Child Support Enforcement Department Compliance);" at 25, "31 U.S.C. § 3123

4

(Government Misrepresentation of Payment Obligations;" at 30, "42 U.S.C. § 1985 (Conspiracy to Interfere with Civil Rights;" at 32, "42 U.S.C. § 1986 (Neglect to Prevent Conspiracy)."

The third exception, bringing suit pursuant to *Ex parte Young*, does not apply because Plaintiff is suing the State of New Mexico and two State agencies; Plaintiff is not suing any state officials. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief").

The Court concludes it does not have jurisdiction over this case because the Second Amended Complaint does not contain allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the State of New Mexico. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

      /S/ KEA W. RIGGS      
**UNITED STATES DISTRICT JUDGE**

5

6